Okay, if you're ready to proceed We have the podium at the right level. We'll Start the clock May it please the court your honors Robert Koch on behalf of the state of Oregon This case is about the separation of powers in NRA US Department of Education This court delineated three required elements before a district court can order the deposition of a high-level executive branch official in Doing so the court emphasized repeatedly that the foundation for the test was constitutional It safeguards intrusion by the judicial branch and to the upper levels of the executive branch Here the district court correctly believed itself bound by that legal standard But the court clearly erred in applying it it ordered the deposition of the former governor of the state of Oregon Despite none of the three required elements being present The state of Oregon thus asked this court to issue a writ of mandamus and quash the district courts unlawful deposition order in Department of Education The court, excuse me, the court established three required elements to order such a high-level executive branch deposition first there must be a finding of bad faith the Information sought must be essential to the case and the information sought cannot be obtained in any other way None of those three elements is present here with respect to bad faith the courts typically look to see whether there's been a change in agency position or a conflict between agency action and agency positions or whether the action taken was done outside of the official typical channels Here the district court made no such finding all the court did was look at plaintiffs allegations There was actually no finding ever made by the district court, which is what this court requires and Ultimately what resulted was the district court had a policy disagreement with the actions that the governor took Early in the pandemic the district court recommended that the governor it used her clemency powers to Widespread release adults in custody to allow for more social distancing in the prisons and The district court the district court ultimately didn't think that the governor did enough, but that's not what this court requires there needs to be some type of bad faith some type of change in agency position that warrants intrusion by the judicial branch into the decision-making processes of the executive branch I'm at mr. Gakach So I don't want to interrupt the flow of your argument, but I wanted to let you know the issue that's on my mind so you could address it at some point the Department of Education case that you cite that involves Standard for when a federal official Can be deposed right? And in this case, we're dealing with a state official very high-level covering Because it's the governor But still it's a state official. So was there any settled? Law as to the standard for when a state official could be Deposed could be deposed and the standard for that because if there was not Settled law What bothers me is? How can there be clear? error of the standard is not settled by press Your honor. We believe it was settled by precedent specifically the Department of Education case Factually that case involved the deposition of a federal agency of a cabinet official But the legal principles this court made clear Had nothing to do with that fact it had to do with the constitutional principles of separation of powers which apply equally between the federal executive and the federal judiciary but also the federal judiciary and the state executive between the federal and state balance and the district court Recognized as much as there's a term for that. It's called them our federalism. That's correct, Your Honor And so that those federalism principles are inherent in our constitutional design Which is why the district court recognized that there was no Legal justification to differentiate between federal and state officials and Plaintiffs even conceded below that no court in this country had ever Differentiated between federal and state officials with respect to the legal standard that requires That the legal standard that applies Before you can order such a high-level executive branch deposition. Well, your complaint is Not with the applicable law, but with the application to your particular Potential deponent, correct? That's the that's correct, Your Honor. I know you've made arguments about whether they exhausted and other avenues But is the key question comes it down Really to the bad faith in your view. I Mean certainly your honor. That's one of the three, but frankly, we don't think any of the three factors were satisfied here remotely and so any In Department of Education the court made clear that all three have to be present before you can order such a deposition and it has to be For us to overturn this has to be clear error, correct? Yes, well not necessarily your honor I because in in Department of Education The court this court had not yet announced the legal standard for such depositions The court still issued a writ of mandamus and and quashed the deposition order because of the grave separation of powers principles that are at stake in cases such as this and so At the towards the end of the Department of Education opinion The court looked through the five Bauman mandamus factors and really focused on I believe it was the last one Which is it does the case involve something so important that it warrants? exercise of mandamus by this court and given the The separation of powers principles when you order the deposition of a high-level executive branch official The court said that yes, that's that is worthy of this courts Exercise of mandamus Can you tell me I don't know if you've you all have done the calculation but when governor Brown was Governor how many times was she sued? That's a great question. She sued a lot. How many times? Dozens hundreds I'll be honest your honor. I don't know our Our trial level flow, I'm I'm in the appellate division, so I don't I don't get it you don't deal with facts. I So I I do know it happens often and it happens often in the Eighth Amendment context and so that's partly what's striking here where there there was no finding of bad faith all the district court did was look at the the nature of the allegations and The does the governor get sued a lot? I mean, I think this is a matter of judicial because it would it be possible for you all to provide us by 28? Yeah, just an indication of how many times the governor was sued when she was governor Just a list just a number. I don't mean identification business number of cases. Sure for under any legal claim or I will certainly endeavor to do that. Yeah, I If that would be helpful to the court, we are happy to work into that How many times the governor was sued so that if you know, we allow this well how many times? There's a former, you know a governor when they're thinking about Their decision-making to what extent do they have to think? Oh, right. Okay. I'm not only in my When I leave it's maybe even now but maybe when I leave office I may end up in dozens of hundreds of depositions based upon the decisions I make as governor So I'd be curious to know how many times the governor was sued Yes of her while she was an incumbent governor and then we were happy to look into that I I think it's important to note that the Department of Education Decision itself Doesn't it quantification isn't necessarily it quantification certainly informs the decision-making but it's it's not single any single lawsuit the threat of hat that the notion of have the threat of having to Sit for a deposition is an intrusion into the separation of powers Even in just a single case Yeah But the bad faith There's kind of a fine line between accepting the nature of the Allegations and then getting into them which goes into the merits. So what would you have expected the district court to do? Well, I I think what I would have expected the district court to do is look at whether do what other courts have done which is Has there been a change in agency position was there action taken that was done outside of the normal channels and the reason why other I other courts have Undertaken that type of inquiry because whenever there's official because it's important to keep in mind the governor here was sued for official state action Whenever official action state or federal is taken. There's a record of that decision-making there is that To the extent that an individual plaintiff wants to know an answer as to why something happened There's a record of it or if there's not an official record Depositions can happen and so in the you know In this case plaintiffs seek to depose the governor over the exercise of her clemency powers, which is constitutional in Oregon And they also want to ask about the the closure of two state prisons, which that which she recommended The record Indicates what the governor's thinking was on clemency. It's at addendum pages 171 and 296 on the prison closures. It's at addendum 148 to 155 as best we can tell plaintiffs just don't like the answer and so There's no indication that the answers that were given via public record and via the depositions Those are that's the explanation for the state action And so typically when other courts have found bad faith and this includes the DC Circuit case that plaintiffs Cited in their 28 J letter there was changing agency positions The agency said one thing a different person in the agency said another thing In that case DOJ ended up doing something different There were three different reasons that were given for a particular action And so in that and I think Department of Education is instructive in that regard as well in that case the Department of Education gave one explanation for why there was a delay in Processing borrowing requests and then they did something completely different that indicated that the two things conflicted and so that's and when we say bad faith, that's typically what courts have looked at and There's just no evidence of that here, which is why we suspect that the district court never looked at it Your argument that well, here's the policy. That's what she did cut and dried But it does seem to me that there's texture behind that that may go to The nature of the why and the justification and all of that that she would be Uniquely qualified to talk about you can't get from the piece of paper. That's why isn't that Saying you know, you can't if you have the piece of paper and you've exhausted your other discovery your interrogatory route You still need to talk to the witness I think that's where the three factors really interplay with each other because they didn't exhaust that they exhausted discovery But they did not exhaust discovery on this topic They never asked directed questions to the governor's staff in there. Well, first of all, they they Deposed her chief of staff at the beginning of the pandemic. They asked no specific questions on either of these two topics Period and so there and then they didn't depose at all her chief of staff for most of the pandemic That in December of 2020 there was a the deputy chief of staff became the chief of staff they never deposed her and so that's partly why this court requires exhaustion of discovery because Hypothetically there may have been a They may those depositions may have given different answers, which would then be an evidence be an indication of bad faith But they never did that here Cutting close to your time, but it's one quick question as I understand your theory. We also should decide among other things that Because this claim Fails to state a claim as a matter of law That even if the district court decided otherwise that them that this deposition is not necessary so we so we would have to decide that I mean that's one of the things we in other words if if Putting all the other things being equal if this claim failed to state a claim as a matter of law we would Say that that position wasn't necessary. That's correct your honor. So We think the court can decide it. It doesn't necessarily have to we do think it's squarely presented because some circuits that do that Right, that's correct And and there are because part one of the three required elements is that the sought-after information be essential to the case The information they want Does not support a valid claim for relief under the eighth amendment And so that's it's just per se not essential then under this court's legal standard I know you're getting to the end of your time, and I'm sure our presiding judge will be a little flexible but I want to zero in on the question of I guess call it exhaustion where the Magistrate judge is saying that okay now we're at the end of discovery. We denied the deposition before we said go out and take discovery and So then the magistrate judge says well, they serve the interrogatories They talked to some of her staff members But none of these discovery members have provided plainness with all the information they require about what she knew About the heightened risk of kovat and particularly with respect to population density and prison closures Where Did the magistrate go wrong if at all in that conclusion? the magistrate judge went wrong because plaintiffs never asked the question and so it will First of all, she did magistrate judge ignored that plaintiffs didn't depose the governor's chief of staff for most of the pandemic and typically staff deposition and that it's it's Well recognized or in these circumstances that the chief of staff is sort of ran the ship in the governor's office And so that would have been the staff member that you would first oppose And so the magistrate judge ignored that The magistrate judge also ignored the fact that for the chief of staff that and the other staff members that plaintiffs did depose They never asked directed questions at the at what they now want to depose the governor on and in their briefing, they didn't identify those questions that went unanswered and So it's it's hard for me to point to a negative and I can't it's hot in the record But the to the it's a little unclear It wasn't until Plaintiffs answering brief that we got full clarity as to what they actually wanted to depose the governor on which is her clemency decision-making and the prison closures as To those we're still not exactly sure what? Specific questions they want to ask the governor because they didn't ask staff members anything more particular that didn't get answered and So that in our view the magistrate judge was like, okay discovery closed Interrogatories were issued depositions happened But that's not that's not enough in our view Thank You, Your Honors Say mr. Coach Just for your planning purposes Although you used up all your time We'll give you two minutes for a bottle and if Counsel for many one extra time we'll add that Thank you, Your Honor May it please the court Nadia Dahab on behalf of Paul Maney and the other real parties and interest point on behalf of plaintiffs in the certified class The district court in this case ruled that extraordinary circumstances Existed to warrant a two-hour deposition a former Oregon governor Kate Brown who is a named defendant in this 1983 class action case that ruling was not clearly erroneous for a couple of reasons First neither this court nor the Supreme Court has ever addressed The deposition privilege in the context of a high-level state official In the absence of such authority, there was no clear error by the district court here Second virtually every other circuit court to have addressed this question has applied it up has applied a standard consistent with Or below the standard the district court applied in this case Applying those authorities here. There was also no clear error Additionally governor Brown below in the district court Never raised bad faith the argument. She now makes on appeal Until the hearing on the on the motion to compel in the motion for protective order It's difficult to understand how an argument there was not affirmatively raised by the governor in the district court Could now give rise to clear error on appeal But she did raise that when would she raise In In in the district court, there was a motion to compel the deposition of governor Brown and a responsive motion for protective order To prohibit it neither of those motioned motions raised bad faith raised the standard set forth in NRA Department of Education as the standard that should apply bad faith the standard that should apply in these circumstances The district court raised the question at the hearing on the motion to compel and ultimately applied that standard in this case But an argument that neither parties affirmatively raised in the papers and only discussed at the hearing It's difficult to see how that then can turn around and be clear error on appeal the standard in plaintiffs View that should apply to this case is that the state-level official here governor Brown had first-hand personal knowledge of the information that plaintiffs seek to that the information sought was relevant and essential to the claims and Three that it cannot be reasonably obtained from other alternative sources Those three elements are the elements that other circuits This court again has never addressed this question that other circuits have applied to determine whether Extraordinary circumstances exist to depose a high-level state or local official The device or I guess we're calling it Department of Education case the district court Invoked that standard, correct it did and Yes State doesn't quibble with the standard as I understand it, but with the application of the standard, that's correct. All right. Yeah We don't need to Argue about that. It's the question I have is What is the precise information that? You would seek from the former governor governor and Was that same inquiry made of high-level staff such as the chief of staff sure Yes, your honor So I want to step back a little bit because this case is not only about the clemency decisions or the early release Decisions that governor Brown did or did not make it is a although those that along with her decision to close two prison Facilities during the pandemic are two of the primary topics on which plaintiffs seek information They seek that information in the context of their deliberate indifference 1983 claims against her and other high-level state officials and And we've made this clear in the motion to compel in the district court But it's that information along with other information the governor may have known about The ability to socially distance in the custodial setting the non-compliance as it were in this case widespread across prison facilities with respect to masking and social distancing when what Just to try to unpack it. You said well, there's clemency and there's the prison closures, but then there's a bunch of other stuff So what is that stuff? Yeah, I mean, it's really what she knew in terms of the ability of adults in custody to safely protect themselves from from kovat and and Her the decision was that where it's that specific information asked in an erogatory and Also in the deposition of the chief of staff or the precursor person to the deputy chief of staff We deposed the chief one of the chiefs of staff That we did not depose the chief of staff in the second part of the pandemic Because the crucial decisions at least in plaintiffs view were made by the governor the first year of the pandemic So we did depose the chief of staff at that time and asked him questions And all of these questions are at addendum 251 and 252 in the in the record on appeal About what she knew and what factors she considered for instance in her decisions to close to institutions we also asked that question of The governor's public wasn't that sufficient that the answer you received there the answer was I don't recall He did not know the answers to the questions We also asked the governor's public safety advisor and and and and We determined who to ask these questions by a third deposition that we took To understand the flow of information in the governor's office and who would be most likely to have the information that that plaintiffs thought And so through that deposition we deposed her public safety advisor Who's her primary liaison to the Department of Corrections? Her chief of staff and then later actually at the time that this mandamus proceeding was being briefed Her special projects attorney who was the liaison to the Department of Corrections on early release on the early release process So we deposed all three of those people and we're not and got a lot of frankly I don't knows and I don't recalls about her decisions, you know Whether she knew about the widespread mask non-compliance in the Department of Corrections Whether she knew whether a ICS could socially distance Whether the governor's or the DOC ever asked the legislature for more funds to use mothballed facilities To house a ICS and then the light of all that information what she considered or what she was thinking when she decided to shut down two institutions and And other decisions other, you know decisions she made with respect to population reduction and where the interrogatory answers similarly on illuminating We didn't we use the interrogatories I want to be careful with this because we use the interrogatories to seek To better understand the policy decisions that work at that the governor's office made and Who would have who would be best suited to give us information about those policy decisions? We did not propound on the governor all the questions that we would have asked her in a deposition through interrogatories and and frankly if that were necessary, then we would never no one would ever be able to depose a high-level state official and And we think that that one we did not have the obligation to exhaust all possible discovery devices No matter how effective they you know or ineffective they may be but believed I think reasonably so that interrogatories We're not a reasonable alternative source of the information that we really seek here Let me ask you this question. Why do you? Need this information If in fact you fail to state a claim All right So do you or would you agree that if assuming for not you don't have to concede that you obviously fail to say to claim Assuming for purposes of argument that you fail to state a claim. Is there any need for this information? You know, it's a fair question. I think that if the if the if the claim was was insufficient from the start then it would be difficult to seek a gubernatorial deposition Seeking information about that claim. I will say a couple of things first of all The district court in this case has twice rejected the argument that the governor now seeks to have this court decide in a mandamus proceeding Which is do her claim do plaintiffs claims state a relief. I'm plaintiff states a claim for relief That's a specific quote from their reply brief And and I don't think the governor Brown can backdoor a rule 12 argument into a mandamus proceeding The district court denied their rule 12 motion and denied the same arguments Decide that if in fact you don't need it if in fact you fail to state a claim It seems to me that is part and parcel of what we have to decide You know, I don't think it is your honor First of all, like I said, I think the district court has twice rejected that argument I don't think that that's I know but we're here reviewing the district court's decision. So that doesn't that's not argument from Authority I'll push back on that and say that we're not reviewing any district court decision on the merits here We're reviewing a discovery decision on mandamus for clear error, right but it's intertwined with that intertwined with the elements of the testness Presumably if it's not necessary the question whether it's necessary and it's not if you fail to state a claim Then I don't see how it's necessary. I think the more fundamental problem I think with governor Brown's argument that we failed to state a claim It is that it's based squarely on her argument that clemency Decisions or early early early release decisions are not subject to judicial review That is not solely the basis of our claim Our claim is based on a lot of other information a lot of other actions and inactions the governor took or did not take Over the course of the pandemic it is not solely based on her decision, you know, not to release X number of people from the prison population to achieve social distancing That's not the basis of the claim The claim is that she was deliberately indifferent in taking certain actions and inactions in the closing prison facilities in not directing that you know in Not seeking additional funding to open up mothballed facilities to create social distancing knowing that mass non-compliance was widespread the rate of death in the Oregon Department of Corrections was Many times that of the general population and that social distancing cannot simply be achieved in the custodial setting So she had presumably we don't know knew all of this information Yet still made certain actions and inactions in this book. What is the relief you all are seeking in this class action? Damages Resistance. Oh, can you explain the damages? Is it that somebody got kovat that they shouldn't have gotten kovat and therefore Saturday everybody who actually got kovat is a class member So, you know, I'm just not nursing the damages theory here These are 1983 claims And there's a certified class of about 5,000 adults in custody who contracted kovat with varying levels of symptoms and hospitalization and About 40 odd people the estates of 40 odd people who died in Department of Corrections custody and the state law wrongful death statute provides for damages for those claims So that's the claim is that we're seeking below. I Want to if the court will allow briefly address the the bad faith argument Because I think that that's a I heard the panel say that that's a particular concern the of the arguments in this case and so I want to make sure that our Position on that is clear and that is I think in right Department of Education and the other Cases that address the deposition privilege in the context of an agency head or a federal agency staff member Those all arise in the context of agency proceedings And I think you know governor rounds council talked about The need to show a change in aging agency position or an irregularity in agency action, and I think that description is telling because it shows how specific the bad faith requirement is to the Administrative Procedures Act and to the To a request for extra record discovery in the context of an administrative proceeding That's where a bad faith comes into play and that's the genesis of the bad faith requirement Applying that requirement here just doesn't make sense bad faith I think is the as this panel just this court described it in the in the Betsy DeVos case It's dishonesty. It's it's you know, it's improper litigation behavior And I think that is the kind of thing that is more That is a more appropriate when you're reviewing an agency record or an agency proceeding So you know it is you're just telling us that we should treat the governor of a sovereign state And just treat them like they're the CEO of a company No, I don't want to suggest that we are running from the you know that our federalism concerns that I think are real when it comes to the relationship between the federal federal courts in the state and the federal governments in the state Honestly, just as weighty as the it seems to me. They're just as weighty as a separation of powers issues. You know, we have the Horizontal separation of powers then we have vertical federalism and it seems to me those are equally weighty I think they are both important in this in this context I mean we have won the Supremacy Clause, which I think allows the the the supreme federal constitutional rights of That are being pursued in this case to be fully pursued and to overcome that of state action And we have a congressional We have 1983 Congress has said that we can the individuals can pursue federal constitutional violations against state officials, right? And there's some midsection. No, there are exceptions to that like younger versus Harris, right? This is that's where our federalism comes from the younger versus Harris and we don't just have there's not court launch And the federal judiciary exercises restraint When we tread upon sensitive issues of federalism and younger versus Harris is one example of that And it just seems to me that these issues are equally weighty and that would be you know We often apply a body of law from one area to another that's analogous because it's a body of law that's settled and it's Understandable and you apply the same principles and you then have a predictable rule of decision And there's something to be said for for doing that here We have a predictable rule of decision for for senior before cabinet level officials and the chief executive officer of a state I don't I don't want to like I said, I don't want to run from the importance of the separation of powers the federalism principles I don't think any case No case has said that those principles foreclosed these depositions all together But now you seem to be running away from the determination of bad faith and saying it's not necessary Yeah, of course was one of the prongs That the district court address Sure. Yes, I want to be clear I think that there was no authority here and there was therefore there was no you know There's no authority from this court or the Supreme Court or any other circuit and I think on clear error review that means the district court did not clearly err well the  It has bad faith as a component so You could say of course, there's no clear error in the law But what about the application of the law and that's to me the the rub that you haven't quite addressed You're basically arguing that the good-faith standard shouldn't apply here, right? the bad faith We're arguing the district court properly concluded that plaintiff's allegations of Of deliberate indifference the essentiality of the information that they sought to their claims the governor's first-hand knowledge in the terms of decisions that she made and the fact that we've exhausted all other reasonable alternative sources of discovery Means that this that extraordinary circumstances warranted her deposition. I'm gonna ask one more time and see if you'll answer my question more precisely Are you Taking the position that bad faith is not a necessary element here in terms of benchmarking taking of the deposition Yes Yes, we are even and and the district court imposed that requirement the district court Imposed that requirement I think she didn't make a finding of bad faith because She found that the the court found that the allegations of improper of deliberate indifference Were sort of different from but likened to that standard We don't think the district court in applying the test that she applied clearly aired It's council. I Know you're over your time Mr. Coach went over is also so I'm gonna ask you another question. Okay If if we were reviewing the district court decision and and then you were adopting a standard different from the one the district court used I Could see that would be fairly simple reason to say the district court aired and we have to vacate and remand but In this case, we're dealing with not with the review of the district court Decision but with a petition for a writ of mandamus And you know that requires a clear air Haven't been made. So I'm still struggling with the idea that even though federalism may be As weighty as separation of powers Still if we have no law on the subject, I don't see how we can have a clear air And is that part of your position? Yes, that is our argument your honor. Okay Okay, thank you, thank you now, mr. Coach Now we're giving you Two minutes beyond your Depleted time. So thank you your honors a few quick points. So About each of the three elements. So as to bad faith the district court thought bad faith was required In the court considered itself bound by this court's decision in Department of Education, which was correct Plaintiffs argue that we didn't raise bad faith in the pleadings That's just incorrect. If you look at addendum pages 112 113 and 121 We cited Department of Education and we argue that the governor had not acted with an improper motive or outside the scope of normal channels And where was that? Where was that cited and what were you citing to there? It's not the addendum which was attached to our petition, which is the right. I'm sorry But is that them is that the rest in the district court? Was that the response to them that was your motion for protective order, correct? Correct, your honor and You know plaintiffs argue that the bad faith requirement comes from the APA But I would draw this court's attention to footnotes one and two of Department of Education Where the court emphasized repeatedly that the three elements were constitutional due to the separation of powers as to you know whether The judge Gould you asked about clear error, and I think I would also draw the court back to Department of Education There was no Ninth Circuit decision squarely on point but the legal principles were there and this court found that the district court had therefore clearly erred and Also given this specific context when you're trying to depose a high-level executive branch official Here the governor of a sovereign state The important the interests there are so important that it warrants exercise of mandamus in in terms of Plaintiffs asking for that in terms of exhaustion plaintiffs have never pointed to specific questions and interrogatories They actually conceded an argument. They didn't think they had to but that's not what this court requires and as for essential We think the it's squarely before the court whether they state a claim under the Eighth Amendment The court doesn't have to reach it but Department of Education went through each of the three factors We think the information here is not essential because it's not relevant to an eighth to their Eighth Amendment claim We therefore ask that the court quash the deposition order. Thanks Thank you very much Well, I want to thank Council on both sides of this argument For their excellent advocacy It's a very interesting question we appreciate The advocates Tutoring us on what you think is the correct result as for what the correct result is For us we will we will see in time without further ado the United States versus Armenia's now submitted and the Parties will hear from us in due course Thank you, that's I think our last Case to be argued today. And so the court will now adjourn You
judges: McKEOWN, GOULD, Baker